## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| KIMBERBELL KIDS L.L.C. dba KIMBERBELL., a Utah limited liability company, <br><br>      Plaintiff, <br><br> vs. <br><br> RNK, LLC dba RNK DISTRIBUTING & QUILTER'S SELECT, a Tennessee local liability company; CLIFF WALLACH, an individual resident of New York; and JOHN DOES 1 – 50. <br>     Defendants. | Case No. _____ |

### COMPLAINT

Plaintiff Kimberbell Kids L.L.C. ("Kimberbell") complains against Defendants RNK, LLC dba RNK, LLC dba RNK Distributing & Quilter's Select ("RNK"), Cliff Wallach ("Mr. Wallach"), and John Does 1- 50 as follows:

### THE PARTIES

1. Kimberbell is a Utah limited liability company with a principal place of business of 2442 Wolf Pack Way, North Logan, UT 84341.

2. RNK is a Tennessee limited liability company with a principal place of business of 2562 Western Avenue, Knoxville, TN 37921.

3. Mr. Wallach is an individual, the President and CEO of RNK in Tennessee, and, upon information and belief a resident of Mount Vernon, New York.

## JURISDICTION AND VENUE

4.     This is a civil action for patent infringement under 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

5.     This Court has original jurisdiction over the subject matter of this action under at least 28 U.S.C. §§ 1331, 1332 and 1338(a).

6.     This Court has personal jurisdiction over: (1) RNK because it is a resident of and primarily conducts business in this jurisdiction; (2) Mr. Wallach because he travels to and/or conducts business—including directing the infringement events alleged herein—from this jurisdiction; and (3) John Does 1 – 50 because they conduct business—including soliciting and purchasing the infringing products alleged herein—within and/or from this jurisdiction.

7.     Venue is proper in this judicial district under at least 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391 since the named defendants reside and/or conduct business in this Judicial District and a substantial portion of the events or omissions giving rise to this action occurred in this Judicial District.

## FACTUAL BACKGROUND

### Kimberbell

8.     Kimberbell is a designer and retailer of embroidery products, including patterns, materials, and tools.

9.     Kimberbell began in 2009 when founder Kim Christopherson—who had paused her career as a fourth-grade teacher to stay home and raise her three young children—sought creative outlet by developing and selling custom embroidery projects.

10.     Since then, Kimberbell has grown significantly, expanding its product offerings to materials and tools, which are distributed and sold nationwide and internationally, and supporting scores of employees.

2

11.    Among Kimberbell's unique embroidery tool products is its Orange Pop Ruler and corresponding system for visually centering quilt blocks in embroidery projects.

**Kimberbell's Intellectual Property**

12.    Kimberbell's Orange Pop Ruler product designs are protected by patents, including United States Design Patent Nos. D874,953 ("the '953 Patent") and D891,950 ("the '950 Patent"), each for unique designs of a QUILT RULER.  These are attached hereto as "Exhibit A" and "Exhibit B", and collectively referred to herein as the "Kimberbell Patents."

13.    Figure 2 of the '953 Patent shows an exemplary view of one of Kimberbell's patented designs:



*Figure 2, US D874,953 (front view)*

14.    Likewise, Figure 3 of the '950 Patent shows another exemplary view of one of Kimberbell's patented designs:



*Figure 3, US D891,950 (front view)*

15.     The designs of the Kimberbell Patents are specifically incorporated into Kimberbell's Orange Pop Ruler products.

**Defendant RNK and Defendants' Infringements**

16.     Defendant RNK is a direct competitor of Kimberbell and sells similar products and product lines to similar or same customers in similar or same marketing channels.

17.     Defendant RNK and Kimberbell have even exhibited simultaneously at industry trade shows.

18.     Defendants—including Mr. Wallach in his capacity as an officer of RNK—have specifically directed the design and distribution of and/or now offer and sell quilt rulers, including under the "Quilter's Select", "RNK Distributing", and/or "Square-It" names and marks, in 8.5" and 7.5" versions ("the Accused Products").

19.     Exemplary photos of the Accused Products are depicted below:

4

 

*QS/RNK 8.5"*          *QS/RNK 7.5"*

20.     Defendants, through the "Accused Products," use (and/or have used), sell (and/or have sold, and offer (and/or have offered) quilt rulers that embody the claimed designs of the Kimberbell Patents.

21.     The designs of the Accused Products are substantially the same as the designs of the Kimberbell Patents.  For example, the designs are nearly identical in dimension and have thin, planar, and square/rectangular frames with square/rectangular apertures on the insides having two perpendicular and terminally rounded cutouts at each corner.



*QS/RNK 7.5"*          *Fig 2, '953 Patent*          *QS/RNK 8.5"*

5

22.     The designs of the Accused Products are so similar to the designs that are the subject matter of the Kimberbell Patents that customers are likely to be deceived and persuaded to buy the Accused Products thinking they are actually buying products protected by the Kimberbell Patents.

23.     On April 19, 2024, Kimberbell specifically notified RNK in writing (through email and letter) that the Accused Products infringe the Kimberbell Patents and requested that RNK cease sales of the same.

24.     Notwithstanding the April 19, 2024 notice, Defendants continue and/or continued to sell the Accused Products in the United States.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. D874,953)

25.     Kimberbell realleges and incorporates the foregoing paragraphs as though fully set forth herein.

26.     Defendants have infringed and continue to infringe the '953 Patent by offering to sell, selling, or importing the Accused Products in this District, and elsewhere in the United States, the designs of which are substantially the same as the ornamental design of the '953 Patent.

27.     The Accused Products are identical and/or so substantially similar to the design of the '135 Patent as to deceive an ordinary observer.

28.     Defendants' actions constitute infringement of the '953 Patent in violation of 35 U.S.C. § 271. Kimberbell has sustained damages and will continue to sustain damages as a result of Defendants' aforementioned acts of infringement.

29.     Kimberbell is entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

6

30. Defendants' infringement of Kimberbell's rights under the '953 Patent will continue to damage Kimberbell's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants are enjoined by this Court.

31. Defendants have willfully infringed the '953 Patent, entitling Kimberbell to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

32. Alternatively, Kimberbell is entitled to recover Defendants' total profits from sale of the Accused Products under 35 U.S.C. § 289.

### SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. D891,950)

33. Kimberbell realleges and incorporates the foregoing paragraphs as though fully set forth herein.

34. Defendants have infringed and continue to infringe the '950 Patent by offering to sell, selling, or importing the Accused Products in this District, and elsewhere in the United States, the designs of which are substantially the same as the ornamental design of the '950 Patent.

35. The Accused Products are identical and/or so substantially similar to the design of the '950 Patent as to deceive an ordinary observer.

36. Defendants' actions constitute infringement of the '950 Patent in violation of 35 U.S.C. § 271. Kimberbell has sustained damages and will continue to sustain damages as a result of Defendants' aforementioned acts of infringement.

37. Kimberbell is entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

38.     Defendants' infringement of Kimberbell's rights under the '950 Patent will continue to damage Kimberbell's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants are enjoined by this Court.

39.     Defendants have willfully infringed the '950 Patent, entitling Kimberbell to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

40.     Alternatively, Kimberbell is entitled to recover Defendants' total profits from sale of the Accused Products under 35 U.S.C. § 289.

## PRAYER FOR RELIEF

Kimberbell prays for judgment as follows:

A.     A judgment finding Defendants liable for patent infringement;

B.     An order temporarily, preliminarily, and permanently enjoining Defendants and their agents, servants, and any and all parties acting in concert with it from making, using, offering to sell, or selling the Accused Products; and directly or indirectly infringing in any manner any of the claims of the Kimberbell Patents;

C.     That Defendants be ordered to make an accounting for all Accused Products made, used, sold, offered for sale, or imported in the United States.

D.     An award of damages adequate to compensate Kimberbell for Defendants' infringement of the Kimberbell Patents, in an amount to be proven at trial, or in the alternative, an award of Defendants' total profits under 35 U.S.C. § 289;

E.     An award of treble Kimberbell's damages, pursuant to at least 35 U.S.C. § 284;

F.     A declaration that this is an exceptional case and that Kimberbell be awarded its attorney fees and expenses, pursuant to at least 35 U.S.C. § 285;

8

G.  An award of Kimberbell's costs in bringing this action, pursuant to all applicable state statutory and common law, including at least 35 U.S.C. § 284;

H.  An award of Kimberbells's attorney's fees, pursuant to all applicable state statutory and common law;

I.  Prejudgment interest, pursuant to at least 35 U.S.C. § 284;

J.  Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

K.  For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Kimberbell demands trial by jury on all claims and issues so triable.

DATED  June 11,  2024

By: s/ Michael J. Bradford
    Michael J. Bradford, BPR #22689
    LUEDEKA NEELY P.C.
    P. O. Box 1871
    1504 Riverview Tower
    Knoxville, TN 37901
    Phone: (865) 546-4305
    Facsimile: (865) 523-4478
    Email: mbradford@luedeka.com

    Preston P. Frischknecht
    (USB #11286)
    PROJECT CIP
    399 N Main, Suite 220
    Logan, UT 84321
    Telephone: (435) 512-4893
    Facsimile: (888) 505-1509
    Email: preston@projectcip.com

    *Counsel For Plaintiff*

# EXHIBIT A



US00D874953S

(12) **United States Design Patent** (10) Patent No.: **US D874,953 S**
Christopherson (45) Date of Patent: ✶✶ **Feb. 11, 2020**

(54) **QUILT RULER**

(71) Applicant: **Kimberbell Kids L.L.C**, North Logan, UT (US)

(72) Inventor: **Kimberly Christopherson**, North Logan, UT (US)

(73) Assignee: **Kimberbell Kids L.L.C.**, North Logan, UT (US)

(**) Term: **15 Years**

(21) Appl. No.: **29/665,895**

(22) Filed: **Oct. 8, 2018**

(51) **LOC (12) Cl.** ............................................... **10-04**
(52) **U.S. Cl.**
USPC ............................................ **D10/64**; D10/71
(58) **Field of Classification Search**
USPC ............................. D10/64, 65, 71
CPC .... B43L 7/027; B43L 7/10; B43L 7/12; B43L
7/125; B43L 7/14; B43L 12/00; B43L
13/20; B43L 13/201; B43L 13/203; B43L
13/205; B43L 13/206; B43L 13/208;
B43L 7/005; G01B 3/14; G01B 3/04;
D05B 39/005; D05B 97/02; D05B 97/12;
D05C 7/02; D05C 11/10; D05C 13/00;
B25H 7/02
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D142,608 | S | * | 10/1945 | Ziegfield ........................ 33/1 A |
| D242,903 | S | * | 1/1977 | Benoit .......................... D10/64 |
| D361,533 | S | * | 8/1995 | Kerry, Sr. .................... D10/64 |
| 6,513,257 | B2 | * | 2/2003 | Nejad-Sattari .......... G01B 3/14 33/1 BB |
| D597,869 | S | * | 8/2009 | Elias ...................... B43L 7/027 D10/64 |
| D632,193 | S | * | 2/2011 | Martin .......................... D10/64 |
| D639,682 | S | * | 6/2011 | Kozina ...................... B27F 5/12 D10/64 |
| 9,157,247 | B2 | * | 10/2015 | Korevaar ................ E04G 21/22 |
| D830,205 | S | * | 10/2018 | Horton ................... B43L 7/027 D10/64 |
| D836,470 | S | * | 12/2018 | Ming ....................... G01B 3/14 D10/65 |

(Continued)

*Primary Examiner* — Antoine Duval Davis
(74) *Attorney, Agent, or Firm* — Preston P. Frischknecht; Project CIP

(57) **CLAIM**

The ornamental design for a quilt ruler, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view;
FIG. **2** is a front view;
FIG. **3** is a top view;
FIG. **4** is a bottom view;
FIG. **5** is a left side view;
FIG. **6** is a right side view;
FIG. **7** is an exploded view shown in an environment of nesting rulers;
FIG. **8** is a front perspective view shown in an environment of nested rulers;
FIG. **9** is a front view shown in an environment of nested rulers;
FIG. **10** is a top view shown in an environment of nested rulers;
FIG. **11** is a bottom view shown in an environment of nested rulers;
FIG. **12** is a left side view shown in an environment of nested rulers;
FIG. **13** is a right side view shown in an environment of nested rulers; and,
FIG. **14** is a perspective view of a third embodiment.
The broken lines depict portions of environment that form no part of the claimed design.

**1 Claim, 10 Drawing Sheets**



(56)          **References Cited**

U.S. PATENT DOCUMENTS

D850,948 S   *   6/2019  Zhan ..................... E04G 21/22
                                                    D10/71

* cited by examiner



*FIG. 1*



*FIG. 2*



*FIG. 3*         *FIG. 4*



*FIG. 5*



*FIG. 6*

Case 3:24-cv-00261   Document 1   Filed 06/11/24   Page 16 of 30   PageID #: 16



*FIG. 7*



FIG. 8



*FIG. 9*



FIG. 10            FIG. 11



*FIG. 12*

*FIG. 13*



*FIG. 14*

# EXHIBIT B


(12) **United States Design Patent** (10) Patent No.: **US D891,950 S**

Christopherson (45) Date of Patent: ** **Aug. 4, 2020**

(54) **QUILT RULER**

(71) Applicant: **Kimberbell Kids L.L.C**, North Logan, UT (US)

(72) Inventor: **Kimberly Christopherson**, North Logan, UT (US)

(73) Assignee: **Kimberbell Kids L.L.C.**, North Logan, UT (US)

(**) Term: **15 Years**

(21) Appl. No.: **29/715,172**

(22) Filed: **Nov. 27, 2019**

### Related U.S. Application Data

(62) Division of application No. 29/665,895, filed on Oct. 8, 2018, now Pat. No. Des. 874,953.

(51) **LOC (12) Cl.** .............................................. **10-04**

(52) **U.S. Cl.**
USPC ........................................... **D10/64**; D10/71

(58) **Field of Classification Search**
USPC ............................................ D10/64, 65, 71
CPC .... B43L 7/027; B43L 7/10; B43L 7/12; B43L 7/125; B43L 7/14; B43L 12/00; B43L 13/20; B43L 13/201; B43L 13/203; B43L 13/205; B43L 13/206; B43L 13/208; B43L 7/005; G01B 3/14; G01B 3/04; D05B 9/005; D05B 97/02; D05B 97/12; D05C 7/02; D05C 11/10; D05C 13/00; B25H 7/02
See application file for complete search history.

(56) **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D142,608 | S | * | 10/1945 | Ziegfeld ........................ D10/62 |
| D242,903 | S | * | 1/1977 | Benoit ........................... D10/64 |
| D361,533 | S | * | 8/1995 | Kerry, Sr. ...................... D10/64 |
| 6,513,257 | B2 | * | 2/2003 | Nejad-Sattari ........... G01B 3/14 |
| | | | | 33/1 BB |
| D597,869 | S | * | 8/2009 | Elias ...................... B43L 7/027 |
| | | | | D10/64 |
| D632,193 | S | * | 2/2011 | Martin ........................... D10/64 |
| D639,682 | S | * | 6/2011 | Kozina ..................... B27F 5/12 |
| | | | | D10/64 |
| 9,157,247 | B2 | * | 10/2015 | Korevaar ................. E04G 21/22 |
| D830,205 | S | * | 10/2018 | Horton ................... B43L 7/027 |
| | | | | D10/64 |
| D836,470 | S | * | 12/2018 | Ming ...................... G01B 3/14 |
| | | | | D10/65 |
| D850,948 | S | * | 6/2019 | Zhan ...................... E04G 21/22 |
| | | | | D10/71 |

(Continued)

*Primary Examiner* — Antoine Duval Davis

(74) *Attorney, Agent, or Firm* — Preston P. Frischknecht; Project CIP

(57) **CLAIM**

The ornamental design for a quilt ruler, as shown and described.

### DESCRIPTION

FIG. **1** is an exploded view shown in an environment of a nesting ruler;

FIG. **2** is a front perspective view shown in an environment of a nested ruler;

FIG. **3** is a front view shown in an environment of a nested ruler;

FIG. **4** is a top view shown in an environment of a nested ruler;

FIG. **5** is a bottom view shown in an environment of a nested ruler;

FIG. **6** is a left side view shown in an environment of a nested ruler; and,

FIG. **7** is a right side view shown in an environment of a nested ruler.

The broken lines depict portions of environment that form no part of the claimed design.

**1 Claim, 5 Drawing Sheets**



(56)          **References Cited**

U.S. PATENT DOCUMENTS

D874,953 S  *  2/2020  Christopherson .............. D10/64
D876,251 S  *  2/2020  Branham ...................... D10/64

* cited by examiner



*FIG. 1*

Case 3:24-cv-00261  Document 1  Filed 06/11/24  Page 26 of 30  PageID #: 26



*FIG. 2*



*FIG. 3*

Case 3:24-cv-00261   Document 1   Filed 06/11/24   Page 28 of 30   PageID #: 28



*FIG. 4*     *FIG. 5*

Case 3:24-cv-00261   Document 1   Filed 06/11/24   Page 29 of 30   PageID #: 29



*FIG. 6*



*FIG. 7*

Case 3:24-cv-00261   Document 1   Filed 06/11/24   Page 30 of 30   PageID #: 30